UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21745-CIV-SEITZ/O'SULLIVAN

STEAPHAN WEIR, et al.,

      Plaintiffs,

v.

SCOTT A. STAGG, et al.,

      Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER came before the Court for the January 26, 2010 hearing on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [DE 20]. The Amended Complaint asserts that Defendants made extortionate loans to Smart at usurious interest rates as a means of taking control of the company, rendering it insolvent, and assuming ownership of Smart's subsidiaries. As discussed at the hearing, almost all of the allegations in the Amended Complaint describe harm suffered principally by the corporation, and only secondarily by its shareholders. Such harm is derivative in nature, and therefore must meet the demand requirements set forth in Fla. Stat. § 607.07401.

However, in reading the allegations in the light most favorable to Plaintiffs, there appears to be a securities fraud claim which Plaintiffs may assert in their capacity as shareholders who bought and sold securities during the period in which Defendants allegedly engaged in fraudulent activity. Nevertheless, Plaintiffs' securities fraud claim fails to satisfy the heightened pleading requirements established in the Private Securities Litigation Reform Act ("PSLRA"). Specifically, Plaintiffs fail to allege facts giving rise to a *strong* inference that Defendants concocted a scheme to drive Smart into insolvency. Plaintiffs also fail to assert facts to show that Defendants engaged in qualifying predicate acts under the federal Racketeering Influenced and Corrupt Organizations Act ("RICO") or that such acts are of a continuing nature.

As stated at the hearing, the Court will allow Plaintiffs leave to re-plead their securities fraud

claim to satisfy the pleading requirements of the PSLRA. If, consistent with their Fed. R. Civ. P. 11 obligations, Plaintiffs can allege facts to satisfy the RICO pleading requirements, they may also re-plead their RICO claims. Furthermore, to assist Plaintiffs in meeting their burden to demonstrate diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court will require Defendants to provide a list of the states of citizenship of each member of Defendant Stagg Capital, LLC and each partner of Defendant SV Fund, LP no later than February 9, 2010. Thereafter, Plaintiffs must file their Second Amended Complaint no later than March 9, 2010. Accordingly, it is hereby

ORDERED that

(1) Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [DE 20] is GRANTED.

(2) No later than **February 9, 2010**, Defendants must furnish to Plaintiffs a list of the states of citizenship of each member of Defendant Stagg Capital, LLC and each partner of Defendant SV Fund, LP.

(3) No later than **March 9, 2010**, Plaintiffs must file their Second Amended Complaint.

DONE AND ORDERED in Miami, Florida, this 27th day of January, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge O'Sullivan
All Counsel of Record